**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000399
30-SEP-2014
08:51 AM**

NO. CAAP-13-0000399

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
BRANDON LEE TADAO HAYATA, Defendant-Appellant

APPEAL FROM THE DISTRCT COURT OF THE FIRST CIRCUIT
(CASE NO. 1P1120007935)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Defendant-Appellant Brandon Lee Tadao Hayata (Hayata) was convicted of harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(b) (Supp. 2013).[1] After a bench trial, the District Court of the First Circuit (District Court)[2] found Hayata guilty as charged, and it sentenced Hayata to pay a fine of $600 and fees of $30.

---

[1] HRS § 711-1106(1)(b) provides:

(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

. . .

(b)     Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another[.]

[2] The Honorable Philip Doi presided.

Hayata appeals from the Judgment filed in the District Court on January 14, 2013.[3/] On appeal, Hayata contends that: (1) the District Court's advisements regarding his right to testify and his right not to testify pursuant to State v. Lewis, 94 Hawaiʻi 292, 12 P.3d 1233 (2000), and Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995), were deficient; and (2) there was insufficient evidence to support his conviction. As explained below, we vacate Hayata's conviction because the District Court's Tachibana colloquy was deficient, and we remand the case for a new trial.

I.

Plaintiff-Appellee State of Hawaiʻi (State) concedes that the District Court's Tachibana colloquy was deficient and that the District Court's error in failing to conduct an adequate Tachibana colloquy was not harmless error. We agree with the State's concession of error. See Tachibana, 79 Hawaiʻi at 236 & n.7, 900 P.2d at 1303 & n.7; State v. Han, 130 Hawaiʻi 83, 90-95, 306 P.3d 128, 135-40 (2013). We therefore vacate Hayata's conviction. Because we vacate Hayata's conviction based on his Tachibana claim, we need not address his Lewis claim.

We reject Hayata's claim that there was insufficient evidence to support his conviction. When viewed in the light most favorable to the State, the evidence was sufficient. See State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998). The complaining witness (CW) testified that she had been in a romantic "dating" relationship with Hayata for several years, but their relationship had terminated. After the relationship ended, Hayata continued to contact the CW, calling her sometimes 50 times a day, text messaging her 75 times a day, and emailing her 275 times. With respect to the charged incident, Hayata confronted the CW in a parking structure as she was returning to work with a co-worker. The CW testified that Hayata repeatedly

_____

[3/] The bar code affixed to the Judgment bears the date January 11, 2013, but the Judgment is file-stamped January 14, 2013.

moved to block her path so she could not leave; that he got in her face, swore at her, and angrily asked why she did not return his calls and why she would end their relationship; that he told her that she was lucky her co-workers were there because he "would slam [her] against that car" if her co-workers were not present; and that this statement made the CW feel threatened because she believed him. Hayata kept the CW from returning to work for 20 or 25 minutes, and only left the scene after sheriffs intervened to ask what was going on and if there was a problem.

We conclude that there was substantial evidence to support Hayata's conviction. In contending otherwise, Hayata argues that conflicts between the CW's testimony and other evidence showed that the CW was not credible. However, "[i]t is the province of the [trier of fact], not the appellate courts, to determine the credibility of witnesses[,]" State v. Souza, 119 Hawai'i 60, 72-73, 193 P.3d 1260, 1272-73 (App. 2008) (block quote format and citations omitted), and we "give full play to the province of the trier of fact to determine credibility, weigh the evidence, and draw rational inferences from the facts." State v. Lioen, 106 Hawai'i 123, 130, 102 P.3d 367, 374 (App. 2004). We conclude that the District Court did not err in relying on the CW's testimony.

II.

For the foregoing reasons, we vacate the District Court's Judgment and we remand the case for a new trial.

DATED: Honolulu, Hawai'i, September 30, 2014.

On the briefs:

Walter J. Rodby
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*(signature)*
Associate Judge

*(signature)*
Associate Judge

3